Julianne P. Blanch (USB #6495)
Juliette P. White (USB #9616)
PARSONS BEHLE & LATIMER
201 South Main Street, Suite 1800
Salt Lake City, UT 84111-2218
Tel: (801) 532-1234 / Fax: (801) 536-6111
JBlanch@parsonsbehle.com
JWhite@parsonsbehle.com

James F. Speyer (admitted *pro hac vice*)
E. Alex Beroukhim (admitted *pro hac vice*)
ARNOLD & PORTER KAYE SCHOLER LLP
777 South Figueroa Street, Forty-Fourth Floor
Los Angeles, California 90017-5844
Tel:    (213) 243-4000 / Fax: (213) 243-4199
james.speyer@arnoldporter.com
alex.beroukhim@arnoldporter.com

*Attorneys for Defendant Traeger Pellet Grills, LLC*

---

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH CENTRAL DIVISION

| | |
|---|---|
| MICHAEL YATES, individually and on behalf of all others similarly situated; and NORMAN L. JONES, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> TRAEGER PELLET GRILLS, LLC, a Delaware limited liability company, <br><br> Defendant. | Case No.  2:19-cv-00723-BSJ <br><br> **TRAEGER'S OPPOSITION TO AMENDED MOTION FOR CLASS CERTIFICATION** <br><br> Judge Bruce S. Jenkins |

# TABLE OF CONTENTS

Page

Introduction .................................................................................................... 1

Argument ........................................................................................................ 5

I.     THE AMENDED MOTION FAILS BECAUSE IT CONTAINS
       NOTHING NEW THAT REMEDIES THE DEFECTS OF THE
       ORIGINAL MOTION ........................................................................... 5

       A.     The Original Unsuccessful Motion ........................................... 5

       B.     The Amended Motion Repeats All of The Same Failed
              Arguments Made In The Original Motion ................................. 8

       C.     The Amended Motion Contains Nothing That Fills The "Voids"
              And "Information Gaps" Of The Original Motion ..................... 10

              1.     With Respect to Reliance/Causation, Plaintiffs' Only
                     New Material is a Meritless and Unsupported Contention ....... 11

              2.     With Respect to Damages, Plaintiffs Offer Only a
                     Smattering of Irrelevant New Material ............................ 12

                     a.     Screenshots of competitors' pellets add nothing ............ 13

                     b.     The additional declaration from plaintiffs'
                            damages expert adds nothing .......................................... 15

                     c.     The additional caselaw adds nothing ............................. 16

II.    THE AMENDED MOTION FAILS EVEN IF IT IS CONSTRUED
       AS A MOTION FOR RECONSIDERATION ....................................... 17

III.   PLAINTIFFS' BELATED ATTEMPT TO CERTIFY CLASSES FOR
       INJUNCTIVE AND DECLARATORY RELIEF ALSO FAILS ................. 18

Conclusion .................................................................................................... 20

# TABLE OF AUTHORITIES

**Cases**                                                                     **Page(s)**

*Am. Express Co. v. Italian Colors Rest.*,
 570 U.S. 228 (2013)...................................................................................5

*CGC Holding Co., LLC v. Broad & Cassel*,
 773 F.3d 1076 (10th Cir. 2014) .........................................................6, 12

*Comcast Corp. v. Behrend*,
 569 U.S. 27 (2013)............................................................................*passim*

*Commodity Futures Trading Comm'n v. Am. Metals Exch. Corp.*,
 991 F.2d 71 (3d Cir. 1993) .....................................................................16

*Gutierrez v. Wells Fargo Bank, N.A.*,
 944 F. Supp. 2d 819 (N.D. Cal. 2013)...................................................16

*Hatch v. Boulder Town Council*,
 471 F.3d 1142 (10th Cir. 2006) .............................................................18

*Kansas Health Care Ass'n, Inc. v. Kansas Dep't of Soc. & Rehab. Servs.*,
 31 F.3d 1536 (10th Cir. 1994) ...............................................................19

*Korea Supply Co. v. Lockheed Martin Corp.*,
 29 Cal. 4th 1134 (2003) .........................................................................16

*Parker v. Winwood*,
 938 F.3d 833 (6th Cir. 2019) .................................................................10

*Reis v. Sparks*,
 547 F.2d 236 (4th Cir. 1976) .................................................................16

*Servants of Peraclete v. Does*,
 204 F.3d 1005 (10th Cir. 2000) .........................................................3, 17

*The SCO Grp., Inv. v. Novell, Inc.*,
 2007 WL 2746953 (D. Utah Sept. 14, 2007).........................................17

*U.S. Fid. v. U.S. Sports Specialty*,
  270 P.3d 464 (Utah 2012)....................................................................16

*United States v. RaPower-3, LLC*,
  960 F.3d 1240 (10th Cir. 2020) ..........................................................16

*Wal-Mart Stores, Inc. v. Dukes*,
  564 U.S. 338 (2011)...............................................................................5

*Wight v. Wight*,
  268 P.3d 861 (Utah 2011)....................................................................16

*Williams v. Apple, Inc.*,
  338 F.R.D. 629 (N.D. Cal. 2021)........................................................19

## **Statutes**

Utah Code 13-11-19.................................................................................19

## **Other Authorities**

Federal Rule of Civil Procedure 23 ..............................................*passim*

Federal Rule of Civil Procedure 26 .......................................................16

## Introduction

After an all-day hearing on January 10, 2023, the Court denied plaintiffs' motion to certify a nationwide class, a Utah subclass and a California subclass. The Court ruled that a nationwide class was improper, and that there were "voids" in the motion for certification of the Utah and California subclasses regarding "the need for an adequate damages theory" and "the question of causation and reliance and presumption." Blanch Dec. Ex. A (January 10, 2023 Hrg. Tr.) at 120:5–25. The Court gave plaintiffs 20 days to file an amended certification motion with respect to the proposed Utah and California subclasses, if they chose to do so. *Id.* at 120:12–121:6.

The Court also issued a written order denying the motion. Consistent with its remarks at the hearing, the Court ruled that there were "voids" and "information gaps" regarding plaintiffs' damages theory and their theory of causation/reliance under California and Utah law. Dkt. 209 at 2. In so ruling, the Court necessarily held that plaintiffs failed to carry their burden of satisfying the requirements of Rule 23(b)(3) because they had not shown (1) reliance or causation on the requisite common, classwide basis, and (2) that their claimed damages were capable of measurement on the requisite common, classwide basis. And the Court reiterated

that "if Plaintiffs so choose," they could file an amended motion within 20 days to try to address the defects of their original motion. *Id.*

Plaintiffs chose to file an amended motion—but ***it does nothing to fill the "voids" and "information gaps" that resulted in the denial of the original motion.*** Remarkably, the amended motion refuses even to acknowledge the Court's determination that these dispositive "voids" and "information gaps" existed in the original motion. The amended motion does not claim to offer anything new of substance, and in fact does not offer anything new of substance.

Because plaintiffs have nothing new that would satisfy their burden under Rule 23(b)(3), the amended motion fares no better than their original motion. In fact, without making any bona fide attempt to fix the dispositive flaws in their original motion, plaintiffs had no business filing this amended motion in the first place. It flouts the Court's order and burdens the Court and Traeger with an unnecessary and expensive round of briefing and oral argument.

Instead of trying to fix the defects noted by the Court, the amended motion simply recycles the same evidence and legal arguments set forth in the original motion. Plaintiffs have essentially filed a reconsideration motion, labeled as an amended certification motion. But the Court did not invite plaintiffs to file a reconsideration motion rehashing already-rejected arguments. The Court instead

offered plaintiffs a chance to try to remedy the problems in their original motion. They have not taken the Court up on its offer.

Even if the Court treats plaintiffs' amended motion as a reconsideration motion, it must be denied. As plaintiffs themselves are on record as noting, "[a] motion to reconsider must be made upon grounds other than a mere disagreement with the court's decision and must do more than rehash a party's former arguments that were rejected by the court." Dkt. 131 at 3. A motion for reconsideration may only be granted where there is "(1) an intervening change in controlling law, (2) new evidence previously unavailable, [or] (3) the need to correct clear error or manifest injustice." *Servants of Peraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

Plaintiffs' motion does not even claim, much less prove, that they can satisfy any of these requirements. Because the motion does nothing more than "rehash a party's former arguments that were rejected by the court," any reconsideration motion must fail.

Plaintiffs' amended motion also seeks, for the first time in this lawsuit, to certify a class for injunctive and declaratory relief. Classes for injunctive and declaratory relief must satisfy Rule 23(b)(2), rather than Rule 23(b)(3), which applies only to classes for monetary relief.

Plaintiffs' new bid for certification under Rule 23(b)(2) fails. *First*, plaintiffs made clear in their complaint that they were only seeking certification under Rule 23(b)(3), and the parties have litigated this case for well over two years on that basis. Plaintiffs' failure to seek certification under 23(b)(2) in their complaint bars them from seeking it at this late date. *Second*, even if plaintiffs could overcome this hurdle, they have waived any injunctive or declaratory relief class by making no effort to show the Court that they have satisfied the requirements of Rule 23(b)(2). *Third*, there is no need to certify any class for injunctive and declaratory relief. The individual named plaintiffs are authorized to seek the exact same relief regardless of whether any class has been certified.

The Court has already ruled that plaintiffs failed to satisfy their burden under Rule 23(b)(3). Because plaintiffs' amended motion offers nothing new of substance, they have not cured the defects that resulted in the denial of their original motion. The Court should accordingly deny their amended motion to certify a 23(b)(3) class, and should also deny their belated bid to certify a class under 23(b)(2).

## Argument

### I.  THE AMENDED MOTION FAILS BECAUSE IT CONTAINS NOTHING NEW THAT REMEDIES THE DEFECTS OF THE ORIGINAL MOTION

#### A.  The Original Unsuccessful Motion

After almost three years of litigation and discovery, plaintiffs filed their original motion for class certification in May 2022. Dkt. 151. It was 54 pages long, and was supported by multiple expert reports and thousands of pages of exhibits. It sought certification under Rule 23(b)(3).

As the party moving for certification, plaintiffs bore a heavy burden: under controlling Supreme Court law, they had to "affirmatively demonstrate [their] compliance with Rule 23" through "evidentiary proof," which the Court had to subject to a "rigorous analysis." *Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013). As the Supreme Court has held, "actual, not presumed, conformance" with Rule 23's requirements is "indispensable." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351 (2011) (citation omitted). Due to these "stringent requirements," in practice Rule 23 "exclude[s] most claims." *Am. Express Co. v. Italian Colors Rest.*, 570 U.S. 228, 234 (2013).

In trying to satisfy Rule 23(b)(3)'s requirement of the predominance of common questions over individual questions, plaintiffs faced two significant

hurdles, which they ultimately failed to surmount. *First*, plaintiffs' claims for false advertising, like claims for fraud generally, require plaintiffs and all class members to prove that they relied on the alleged misrepresentation in buying the product, or (to say it another way) that the alleged misrepresentation caused the plaintiff and class members to buy the product. But people buy products for all sorts of different reasons. Accordingly, as the Tenth Circuit has noted, reliance is "an issue often wrought with individualized inquiries" that "often preclude[s] a finding of predominance." *CGC Holding Co., LLC v. Broad & Cassel*, 773 F.3d 1076, 1089, 1092 (10th Cir. 2014). *Second*, under Supreme Court precedent, plaintiffs must propose a classwide damages methodology that is reliable, non-speculative, and only measures damages that are the result of the wrong. *Comcast*, 569 U.S. at 35–37.

With respect to the reliance issue, plaintiffs made no attempt to show that any class members actually relied on the alleged false statement in buying the wood pellets in issue. Instead, plaintiffs' motion argued that (1) under Utah law, a showing of reliance is either not required at all, or may be simply presumed to have occurred on a classwide basis, and (2) under California law, the Court should presume that reliance occurred on a classwide basis. *See* Dkt. 151 at 43–44; Dkt. 184 at 12–19.

With respect to the damages issue, plaintiffs tried to satisfy their burden by submitting an expert report that purported to lay out a classwide damages methodology, and also by claiming that they were legally entitled to restitution in the form of a full refund of the purchase price to all class members or to disgorgement of all of Traeger's revenues or profits from its sales of pellet bags. *See* Dkt. 151 at 27–31; Dkt. 184 at 19–22.

Traeger's opposition rebutted all of plaintiffs' reliance and damages arguments with extensive evidence and legal authority. It showed that reliance is a required element of a UCSPA claim, and that plaintiffs were not entitled to circumvent the requirement of actually proving reliance by invoking any classwide presumption of reliance. Dkt. 177 at 30–31. It also showed that under the applicable California statutes and the evidence, plaintiffs were not entitled to any presumption of reliance that would replace their obligation to actually prove reliance on a classwide basis. *Id.* at 31–35. Finally, Traeger's opposition showed that (1) plaintiffs' proposed damages methodology was speculative, unsubstantiated and unreliable, (2) disgorgement (of either revenues or profits) was unavailable as a matter of law, and (3) restitution in the form of a full refund of the purchase price was impermissible. *Id.* at 36–50.

The Court probed both sides' arguments at a January 10, 2023 hearing. Among other things, the Court noted that plaintiffs' theories of disgorgement and restitution were "not impressive to me at all." Blanch Dec., Ex. A (January 10, 2023 Hrg. Tr.) at 59:11. At the end of the hearing, the Court held that plaintiffs had not met their burden on class certification, and denied the motion in its entirety. *Id.* at 120:12–25. The Court noted that there were "voids" in the motion regarding "the need for an adequate damages theory" and "the question of causation and reliance and presumption," but granted leave to amend to allow plaintiffs the chance to try to fill the "voids." *Id.* at 121:1–4, 122:5–11. The Court echoed its oral comments in a subsequent written order that noted the "voids" and "information gaps" in plaintiffs' motion with respect to both reliance/causation and their damages theory. Dkt. 209 at 2.

## B.    The Amended Motion Repeats All of The Same Failed Arguments Made In The Original Motion

The 54-page amended motion bears a striking resemblance to the original motion. That is because ***it repeats (sometimes word-for-word) the exact same arguments, relying on the exact same caselaw and evidence, that failed to satisfy plaintiffs' burden on their original motion.*** The following chart shows the identity between the arguments in plaintiffs' original motion and their amended motion, and also shows where Traeger's opposition papers rebutted those arguments:

-8-

| PLAINTIFFS' CERTIFICATION ARGUMENTS | ORIGINAL MOTION FOR CLASS CERTIFICATION | FULLY REBUTTED BY TRAEGER IN ITS OPPOSITION TO ORIGINAL MOTION | REPEATED IN AMENDED MOTION FOR CLASS CERTIFICATION |
|---|---|---|---|
| Reliance/Causation Not Required To State Claim Under UT Law | Opening Mem. at 43; Reply at 12–13. | Opp. at 28. | Opening Mem. at 33–34. |
| Classwide Reliance/ Causation May Be Presumed Under UT Law | Opening Mem. at 43; Reply at 12–13. | Opp. at 30–31. | Opening Mem. at 33–34. |
| Classwide Reliance/ Causation May Be Presumed Under CA Law | Opening Mem. at 43–44; Reply at 13–17. | Opp. at 31–35; Surreply at 4–5. | Opening Mem. at 37–40. |
| Plaintiffs' Damages Methodology Is Supported And Reliable | Opening Mem. at 27–30, 45; Reply at 22, 25–27. | Opp. at 40–50. | Opening Mem. at 32–33, 45–47. |
| Class Members Are Entitled To A Full Refund As Restitution/Unjust Enrichment Remedy | Opening Mem. at 27–30, 45; Reply at 24–25. | Opp. at 38–40; Surreply at 5–6. | Opening Mem. at 31–32, 44–45. |
| Disgorgement Of All Profits Or All Revenue Is An Available Remedy Under UT Law | Opening Mem. at 27–30, 45; Reply at 22–24. | Opp. at 36–38. | Opening Mem. at 30–31. |

By filing an amended motion that repeats all of the rejected arguments of their original motion, plaintiffs have disregarded the Court's order. The Court did not grant plaintiffs leave to amend so they could regurgitate their prior motion. Instead, it granted leave to amend to give plaintiffs one final chance to address the dispositive defects of their prior motion. Plaintiffs have made no effort to do so.

An amended motion that recycles the failed arguments of the original motion accomplishes nothing and serves only to waste the time of the Court and Traeger. For that same reason, there is no need for Traeger to restate here all of the arguments it successfully made in its opposition to plaintiffs' original motion. If the Court wishes to refresh its recollection, Traeger respectfully refers the Court to its original opposition at Docket 177, as well as its surreply at Docket 200, all of which it incorporates by reference herein.[1]

## C. The Amended Motion Contains Nothing That Fills The "Voids" And "Information Gaps" Of The Original Motion

The amended motion reads as if the Court had never denied the original motion. Plaintiffs do not claim that the amended motion offers anything new.

---

[1] The amended motion references purported consumer complaints posted on the internet. Dkt. 215 at 8–9. These are the exact same complaints that were unhelpful to plaintiffs in their original motion. *See* Dkt. 151 at 20–21. Traeger's opposition to plaintiffs' original motion objected to these complaints as classic hearsay, and, in an abundance of caution, Traeger restates that same objection here. *Parker v. Winwood*, 938 F.3d 833, 838 (6th Cir. 2019) (affirming district court's exclusion of internet post because it constituted hearsay).

Indeed, the amended motion does not even acknowledge the "voids" and "information gaps" that caused the Court to deny the original motion. Surely, if plaintiffs had any new law or evidence that would justify a reversal of the Court's decision, they would have pointed that out to the Court. Their failure to do so underscores that the amended motion is simply a rehash of their original motion.

The amended motion offers no convenient way for the Court to determine whether it contains any new material. In the interest of thoroughness, Traeger has closely compared the two motions. That comparison reveals a small amount of new material. As one might expect, this new matter is insignificant and cannot possibly justify a determination that plaintiffs have now satisfied the requirements of Rule 23(b)(3).

### 1.    With Respect to Reliance/Causation, Plaintiffs' Only New Material is a Meritless and Unsupported Contention

With respect to the reliance/causation issue, the amended motion offers no new evidence or legal authority. Instead, it reiterates all of the same evidence concerning Traeger's marketing research, and all of the same law concerning the purported availability of a presumption of reliance/causation, that failed to satisfy plaintiffs' burden the first time around.

The only new matter in the amended motion concerning the reliance/causation issue is a single contention that relates only to the Utah subclass.

It asserts that under the UCSPA, "causation can exist without reliance." *See* Dkt. 215 at 35.

Plaintiffs' contention is meritless, as shown by their failure to cite any supporting legal authority. Moreover, Tenth Circuit law makes clear that the exact opposite is true: causation *cannot* exist without reliance. In *CGC Holding*, the Tenth Circuit held that:

> [I]n cases arising from fraud, a plaintiff's ability to show a causal connection between defendant's misrepresentation and his or her own injury will be predicated on plaintiff's alleged reliance on that misrepresentation.

*CGC Holding*, 773 F.3d at 1089. As *CGC* makes clear, in misrepresentation cases, causation requires proof of reliance on the alleged misrepresentation.

Because the only new material regarding causation/reliance in the amended motion is a single meritless and unsupported contention, the amended motion does nothing to remedy the dispositive defects of plaintiffs' original motion.

### 2.    With Respect to Damages, Plaintiffs Offer Only a Smattering of Irrelevant New Material

With respect to damages, the amended motion offers no new arguments. The only new evidence in the amended motion relating to damages is (1) screenshots of three competitive offerings and (2) an additional declaration from one of plaintiffs' damages experts. Plaintiffs also cite several previously uncited opinions that, they

claim, support their disgorgement and restitution theories. None of this material adds anything new of consequence to plaintiffs' failed original motion.

### a.    Screenshots of competitors' pellets add nothing

The amended motion submitted screenshots of three bags of pellets offered by competitors of Traeger. One screenshot showed that a company offers "plain and unflavored" wood pellets for $9.99 for a 20-pound bag. *See* Dkt. 215 at 14; *id.* at Ex. BB.4. The other two screenshots showed competitors offering 20-pound bags of mesquite pellets, one for $20. *Id.* at Exs. BB.1, BB.2. None of this information can possibly cure the defects in plaintiffs' damages methodology that caused the Court to deny the original motion—and plaintiffs do not claim that it does.

*First*, with respect to the "plain and unflavored" bag of pellets for $9.99, plaintiffs apparently contend that because Traeger pellets sell for $19.99 per bag, the $10 price difference between the "plain and unflavored" bag and a Traeger Mesquite or Hickory bag is an appropriate damages measure. This is not a serious contention.

Under controlling Supreme Court precedent, at the class certification stage the plaintiff must present a reliable and non-speculative damages methodology. *Comcast*, 569 U.S. at 35–37. The methodology "must measure only those damages

attributable" to the alleged misconduct. *Id.* at 35. A "methodology that identifies damages that are not the result of the wrong" is fatally flawed and requires denial of certification. *Id.* at 37–38.

Under this authority, plaintiffs must show that the price differential between the "plain and unflavored" bag and Traeger's Mesquite or Hickory bags is attributable only to Traeger's alleged false advertising. But plaintiffs do not have a shred of evidence to this effect. A price differential can be explained by many factors. For example, it could be due to the strong brand loyalty Traeger enjoys as the leader in wood pellet grills. Dkt. 149-31 (Ex. J.8) at TPG771 ("[B]rand loyalty is the single biggest driver" influencing pellet buying decisions). Or it could be because Traeger's Mesquite and Hickory pellets impart a mesquite or hickory flavor to cooked food, whereas unflavored pellets do not. Dkt. 177, ¶¶ 10, 13.

The bottom line is that a mere price difference between a Traeger product and a competitor's product proves nothing. Without "evidentiary proof" that the price difference is "the result of the wrong," this price differential cannot be an appropriate damages measure. *See Comcast*, 569 U.S. at 33, 35–36 (damages methodology supporting a class certification motion cannot be speculative).

Plaintiffs contend there is a "sufficient nexus" between the price differential and their liability case to satisfy their obligation to propose an acceptable damages

-14-

methodology. Dkt. 215 at 45. This contention lacks merit. Simply asserting a connection between their damages claim and liability does not satisfy plaintiffs' obligation to proffer a reliable methodology that actually "***measure[s]*** . . . damages" attributable to the alleged false advertising. *Comcast*, 569 U.S. at 35 (emphasis added).

*Second*, as for the competitors' mesquite pellets that sell at around the same price as Traeger's pellets, plaintiffs make no argument that the prices of the competitors' pellets can form the basis of a damages methodology. This evidence is wholly irrelevant.

### b.    The additional declaration from plaintiffs' damages expert adds nothing

As the Court will recall, plaintiffs' damages experts submitted an expert report in support of the original certification motion. Traeger showed that the damages methodology those experts purported to lay out  (based on a highly unorthodox type of "conjoint analysis") was unreliable, untested, unsupported by any academic or scientific literature, and speculative. Dkt. 177 at 17–19.

With their amended motion, plaintiffs submitted an additional expert report. This new report does nothing to cure the defects of their proposed damages methodology. It proposes no changes at all to the failed methodology of the

original motion. Nor does it cite to any scientific or academic literature that could substantiate that methodology. It is accordingly immaterial.[2]

### c.    The additional caselaw adds nothing

In connection with their claims for (1) disgorgement of revenues or profits and (2) restitution in the form of a full refund, the amended motion cites several previously uncited cases.[3] If plaintiffs thought these cases were persuasive, they would have cited them in their original motion (they are all at least several years old). Their failure to do so is telling.

None of these cases helps plaintiffs. *First*, none of them authorizes disgorgement of profits or revenue under the Utah or California consumer protection statutes. *Second*, none of them authorizes restitution of the full purchase price under the Utah or California consumer protection statutes where, as here, plaintiffs indisputably received something of value for their money. *See* Dkt. 177 at 36–40.

---

[2] This new expert report is also unauthorized by any scheduling order and violates Federal Rule of Civil Procedure 26(a)(2), which allows only one affirmative expert report.

[3] *United States v. RaPower-3, LLC*, 960 F.3d 1240 (10th Cir. 2020); *Gutierrez v. Wells Fargo Bank, N.A.*, 944 F. Supp. 2d 819 (N.D. Cal. 2013), *aff'd in part, vacated in part, remanded sub nom. Gutierrez v. Wells Fargo Bank, NA*, 589 F. App'x 824 (9th Cir. 2014); *Commodity Futures Trading Comm'n v. Am. Metals Exch. Corp.*, 991 F.2d 71 (3d Cir. 1993); *Reis v. Sparks*, 547 F.2d 236 (4th Cir. 1976); *U.S. Fid. v. U.S. Sports Specialty*, 270 P.3d 464 (Utah 2012); *Wight v. Wight*, 268 P.3d 861 (Utah 2011); *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134 (2003).

## II.    THE AMENDED MOTION FAILS EVEN IF IT IS CONSTRUED AS A MOTION FOR RECONSIDERATION

The Court did not authorize plaintiffs to file a reconsideration motion dressed up as an amended certification motion. But even if their motion is construed as a reconsideration motion, it must fail. As plaintiffs have conceded in a prior phase of this case, motions for reconsideration are "rarely appropriate" and should be granted "only in extraordinary circumstances." Dkt. 131 at 3. Mere disagreement with the Court's ruling is no basis for a reconsideration motion: "A motion to reconsider must be made upon grounds other than a mere disagreement with the court's decision and must do more than rehash a party's former arguments that were rejected by the court." *The SCO Grp., Inv. v. Novell, Inc.*, No. 2:04-cv-139-DAK, 2007 WL 2746953 at *1 (D. Utah Sept. 14, 2007). Here, all plaintiffs have is "mere disagreement," and all they have done is rehash their previous arguments.

A motion for reconsideration may only be granted where there is "(1) an intervening change in controlling law, (2) new evidence previously unavailable, [or] (3) the need to correct clear error or manifest injustice." *Servants of Peraclete*, 204 F.3d at 1012. Plaintiffs cannot satisfy any of these factors, and they do not claim otherwise. They cannot point to an intervening change in the law, nor any new evidence previously unavailable. And they have no good faith argument that

the Court's ruling was clearly erroneous. Traeger fully rebutted each of plaintiffs' arguments for certification with extensive legal authority and evidence.

Plaintiffs have given the Court no reason to reconsider its ruling. The Court should accordingly deny the amended motion.

## III.   PLAINTIFFS' BELATED ATTEMPT TO CERTIFY CLASSES FOR INJUNCTIVE AND DECLARATORY RELIEF ALSO FAILS

Plaintiffs' original motion only sought certification of a class for monetary relief under Rule 23(b)(3). They now seek certification of classes for injunctive and declaratory relief. A party seeking to certify a class for injunctive or declaratory relief must satisfy the requirements of Rule 23(b)(2), rather than Rule 23(b)(3). *See* Fed. R. Civ. P. 23(b)(2) (governing classes for "injunctive relief or corresponding declaratory relief").

The Court should deny plaintiffs' request for three independent reasons.

*First*, plaintiffs' complaint only sought certification of a class under Rule 23(b)(3). Plaintiffs were very clear about this: the complaint states that "Plaintiffs bring this class action pursuant to Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure . . . ." Dkt. 52, ¶ 104. The complaint does not so much as mention Rule 23(b)(2).

It is hornbook law that "[t]he filing of the plaintiff's complaint frames the scope of litigation." *Hatch v. Boulder Town Council*, 471 F.3d 1142, 1150 (10th

Cir. 2006). Traeger has been forced to defend this case for well over two years, and certification of a Rule 23(b)(2) class has never even been on the table until now. Plaintiffs should not be allowed to ambush Traeger at this late date with a request for relief that they did not plead in their complaint.

*Second*, plaintiffs' amended motion makes no effort to show the Court that they have satisfied the requirements of Rule 23(b)(2). Plaintiffs have thereby waived any injunctive or declaratory relief class. *Williams v. Apple, Inc.*, 338 F.R.D. 629, 657–58 (N.D. Cal. 2021) (because the certification motion "does not address the standards governing the elements required to certify a (b)(2) class nor apply the record of this case to show how such elements are met . . . the injunctive class has been waived.").

*Third*, there is no need to certify any class for injunctive or declaratory relief. The UCSPA expressly authorizes the named plaintiffs to seek the exact same relief on their own, without certification of a class. Utah Code 13-11-19(1). The Court accordingly does not have to concern itself with this request at this stage. *Kansas Health Care Ass'n, Inc. v. Kansas Dep't of Soc. & Rehab. Servs.*, 31 F.3d 1536, 1548 (10th Cir. 1994) ("[C]lass certification is unnecessary if all the class members will benefit from an injunction issued on behalf of the named plaintiffs.").

**Conclusion**

The Court granted plaintiffs leave to file an *amended* motion, not a warmed-over version of their original motion. Plaintiffs disregarded that directive, and instead proceeded as if the Court had not denied their original motion. Because it contains nothing new of significance, their recycled motion does not cure the defects of the original motion. For the reasons set forth above and in Traeger's opposition to plaintiffs' original class certification motion, Traeger respectfully requests that the Court deny plaintiffs' amended motion for class certification.


**DATED**:     February 21, 2023          PARSONS BEHLE & LATIMER

                                          By:  /s/ Julianne P. Blanch
                                               Julianne P. Blanch
                                               Juliette P. White

                                          ARNOLD & PORTER KAYE
                                           SCHOLER LLP
                                          James F. Speyer
                                          E. Alex Beroukhim

                                          *Attorneys for Defendant*
                                          *Traeger Pellet Grills, LLC*

-20-

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 21st day of February, 2023, I electronically filed a true and correct copy of the foregoing **TRAEGER'S OPPOSITION TO AMENDED MOTION FOR CLASS CERTIFICATION** with the Clerk of the Court using the CM/ECF system, which sent notification to all counsel of record.


/s/ Julianne P. Blanch