IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| Michael Yates, et al.,<br><br>  Plaintiffs,<br><br>v.<br><br>Traeger Pellet Grills,<br><br>  Defendant. | **ORDER DENYING MOTION TO STAY**<br><br>Case No. 2:19-cv-00723-DAK<br><br>District Judge Dale A. Kimball |

Presently before the Court is Defendant Traeger Grills, LLC's, "Emergency Motion to Stay Proceedings."[1] Plaintiffs Michael Yates and Norman L. Jones' filed an Opposition.[2] The Court finds oral argument will not be helpful in determining the Motion. *See* D.U. Civ. R. 7-1(g). Having considered the parties' briefing and the applicable law, the Court will deny Defendant's Motion to Stay for the reasons set forth below.

The parties agree that Defendant's request for a stay, pending its Rule 23(f) request for discretionary appeal before the Tenth Circuit, is governed by a "flexible application" of the four-factor balancing test used in the context of preliminary injunctions,[3] namely:

> (1) whether there is a substantial likelihood that the movant will succeed on the merits of the claims/appeal; (2) whether the movant will suffer irreparable injury if an injunction/stay does not issue; (3) whether others will suffer harm if an injunction/stay is granted; and (4) whether the public interest will be furthered by an injunction/stay.

---

[1] ECF No. 243.
[2] ECF No. 251.
[3] ECF No. 243 at 3–4; ECF No. 251 at 1 (citing *Sherman v. Trinity Teen Sols., Inc.*, No. 2:20-CV-215, 2022 WL 19039113, at *1 (D. Wyo. Dec. 6, 2022)).

*Sherman v. Trinity Teen Sols., Inc.*, No. 2:20-CV-215, 2022 WL 19039113, at *1 (D. Wyo. Dec. 6, 2022).  Defendant does not persuade the Court that these factors militate in favor of a stay.

First, and most significantly, Defendant identifies no irreparable injury in the absence of a stay.  Defendant suggests its litigation expenses constitute irreparable harm.  Yet it has long been the law that "[m]ere litigation expense, even substantial and unrecoupable cost, does not constitute irreparable injury." *Renegotiation Bd. v. Bannercraft Clothing Co.*, 415 U.S. 1, 24 (1974); *see Coinbase, Inc. v. Bielski*, 599 U.S. 736, 746 (2023).  Even under the "flexible approach" suggested by the parties, the Court finds such expenses do not constitute irreparable injury.  Defendant identifies no other potential irreparable harm.

Second, Defendant asserts Judge Jenkins' conclusion that damages could be proved on a class-wide basis was "manifestly erroneous."  The *Sherman* case notes this "'is a difficult standard to meet' and there is a 'high bar for doing so.'"  2022 WL 19039113, at *1.  Even without wading into the appropriate level of scrutiny of experts at the class-certification stage, the Court finds Defendant has not met its burden here.  As Judge Jenkins noted, the relative market prices of Defendant's pellets and its competitors' pellets demonstrate Defendant's pellets sell at prices similar to pure wood products (consistent with the <u>representations</u> on Defendant's bags) and at a premium to blended or flavored products (consistent with the <u>content</u> of Defendant's bags).  For example, Defendant's mesquite pellets, comprised of a base wood (such as alder or oak) and flavored with mesquite oil, sell for the same price as pellets made from pure mesquite wood.  *See* ECF No. 237 at 11–12.  Similarly, Defendant's hickory pellets, represented to be "100% pure" or "all natural" hickory, sell at a premium to products advertised as a hickory blend, which is what Defendant's pellet bags actually contain.  *See id.* at 7, 12.  This Court

agrees with Judge Jenkins' finding that the price differential constituted sufficient evidence that damages could be measured on a class-wide basis.  By reference to these examples, one can compare the price of what Defendant offered ("100% pure" or "all natural" mesquite or hickory) with the price of what consumers received (base wood with added flavor or a hickory blend).  Defendant offers no authority or satisfactory explanation to show this finding–that comparative market prices afford a basis for finding damages can be proved on a class-wide basis–is "manifestly erroneous."

Third, the Court finds the risk of harm to others and the public interest factors are effectively neutral here.  Neither party points to any significant harm or public interest not implicated in every case in which a stay is considered.

## ORDER

Based on the foregoing, the Court DENIES Defendant's Emergency Motion to Stay.  (ECF No. 243).  Notwithstanding this denial, the Court will extend the due date for Traeger's opposition to Plaintiffs' Motion for Partial Summary Judgment until December 1, 2023.

DATED this 13th day of November 2023.

_____
Dale A. Kimball
United States District Judge

3